IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRAVON LaSHAE GINN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-34-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**
**BY A PERSON IN STATE CUSTODY**

Before the Court is the petition for a federal writ of habeas corpus filed by petitioner TRAVON LaSHAE GINN challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On October 9, 2013, petitioner was charged by Indictment in Potter County, Texas, with the 1st degree felony offense of possession with intent to deliver a controlled substance in violation of section 481.112(f) of the Texas Health and Safety Code. *State v. Ginn*, No. 66,042-E. The Indictment alleged petitioner, on or about September 2, 2012:

> [D]id then and there knowingly possess, with intent to deliver, a controlled substance, namely, phencyclidine, in an amount of four hundred grams or more.

[ECF 15-3 at 12].

On March 18-20, 2014, petitioner, represented by appointed counsel, was tried before a jury in the 108th Judicial District Court of Potter County.[1] [ECF 15-6 at 142-228; 15-7; 15-8]. On March 20, 2014, the jury found petitioner guilty of the offense of possession with intent to deliver a controlled substance as alleged in the Indictment and assessed petitioner's punishment at 17 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. [ECF 15-3 at 36, 42]. That same date, the trial court entered Judgment, with the trial court's signature ultimately being affixed March 24, 2014. [ECF 15-3 at 44-46].

Petitioner, represented by different appointed counsel, filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas alleging the evidence was insufficient to show petitioner, the passenger in a vehicle where the controlled substance was discovered, intentionally or knowingly possessed the controlled substance. [ECF 15-10]. On March 31, 2015, the state intermediate appellate court affirmed petitioner's conviction. *Ginn v. State*, No. 07-14-00118-CR. [ECF 15-12].

Petitioner sought review of the affirmance of his conviction by filing a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *Ginn v. State*, PDR No. 498-15. [ECF 15-16]. On October 7, 2015, the state court refused discretionary review *per curiam*. [ECF 15-1].

On August 23, 2016, petitioner purportedly placed a *pro se* state application for habeas corpus relief in the state prison mailing system, such application being received and file-stamped on August 31, 2016. [ECF 15-19 at 5-34]. By his state habeas application, petitioner alleged: (1) the trial court lacked jurisdiction because the State did not indict petitioner within 180 days of his

---

[1] Petitioner's trial originally started March 5, 2014; however, a mistrial was declared March 7, 2014. [ECF 15-3 at 62].

arrest; (2) evidence obtained as a result of an illegal search and seizure was used to convict petitioner in violation of his Fourth Amendment rights; and (3) petitioner was denied effective assistance of counsel because counsel did not seek dismissal of the charges for lack of jurisdiction due to the delay of the indictment. On January 25, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Ginn*, No. 85,982-01. [ECF 15-17].

On February 16, 2017, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system, such application being received and file-stamped in this Court on February 21, 2017. [ECF 3].

## II.
## PETITIONER'S ALLEGATION

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason:

> Evidence obtained as a result of an illegal search and seizure was used to convict petitioner in violation of his Fourth Amendment rights.

## III.
## STANDARD OF REVIEW

In her June 27, 2017 answer, respondent has accurately and thoroughly briefed statutory and case law regarding the applicable standards of review for federal habeas corpus proceedings under 28 U.S.C. § 2254(d). [ECF 14 at 4-8]. Except to the extent necessary to the Court's discussion of petitioner's claims, the Court will not repeat respondent's recitations regarding these standards of review, as they are well settled in habeas corpus law.

## IV.
## FOURTH AMENDMENT CLAIM

In his sole ground, petitioner asserts evidence obtained as the result of an illegal search and seizure in violation of his Fourth Amendment rights was used to obtain his conviction. Specifically, petitioner appears to assert his detention continued after the conclusion of the traffic stop, that such prolonged detention was not supported by reasonable suspicion, that his consent to a search of the vehicle was given during this unlawful prolonged detention, and that the ensuing search that resulted in the discovery of the controlled substance was therefore also unlawful. [ECF 4 at 3-10]. Petitioner concludes that as the search was unconstitutional, the State was prohibited from using any items seized during the search, including the controlled substance and the related contraband, to obtain his conviction.

### A.  Procedural Bar

Petitioner did not challenge the legality of the search and seizure at trial or on direct appeal. Instead, he raised this Fourth Amendment issue for the first time in his *pro se* petition for state habeas corpus relief. In Texas, a claim regarding the legality of a search and seizure is procedurally barred if raised for the first time on state habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex.Crim.App. 2004) (the failure to raise a Fourth Amendment challenge on direct appeal is tantamount to an abandonment of the issue). Petitioner's procedural default of his claim constitutes an adequate and independent state procedural ground to bar federal habeas review of the claim. Federal courts are generally barred from considering a petitioner's claim when he fails to satisfy a state procedural rule related to that claim because the petitioner "deprived the state courts of an opportunity to address [the] claim [] in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The only time such a claim may be considered is if the petitioner shows

both cause for the procedural default and prejudice resulting from the default, or if the petitioner "demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Id*. at 750.  Here, petitioner has not met this burden, nor has he argued, much less shown, his actual innocence.  Petitioner's Fourth Amendment claim is procedurally defaulted and barred from consideration at this juncture.

### B.  Non-Cognizable Claim

When a state has provided an opportunity for a defendant to fully and fairly litigate his or her Fourth Amendment claim, federal habeas corpus relief may not be granted on the basis that evidence obtained in an unlawful search or seizure was used at trial.  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  The Fifth Circuit has interpreted the phrase "an opportunity for full and fair litigation" to mean simply "an opportunity."  *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F. 2d 1188, 1192 (5th Cir. 1978)).  Specifically, "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."  *Id.*  The Fifth Circuit recognizes that the State of Texas provides defendants a full and fair opportunity to litigate their Fourth Amendment claims at both the trial and direct appeal levels.  *See Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). Again, it is the existence of the processes, not whether the defendant availed himself of the litigating opportunity or whether the court erred in deciding the merits of the Fourth Amendment claims, that is the relevant concern.  *Id.*; *see also Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Here, petitioner has not asserted, much less shown, he was individually denied a process by which he could have raised his Fourth Amendment claim during the underlying criminal

proceeding. Nor has petitioner alleged, let alone proven, that the state systematically denies all defendants the opportunity to litigate Fourth Amendment claims. Petitioner had the opportunity to challenge the validity of the seizure of the evidence against him during his trial, on appeal and on state habeas review. Petitioner's ground for relief for an alleged Fourth Amendment violation is not cognizable in this federal habeas proceeding.

## V.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's June 27, 2017 *Answer* [ECF 14], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TRAVON LaSHAE GINN be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 19, 2019.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\Ginn-34.STONE:2